# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN JACOBSON,<br><br>    Petitioner,<br><br>v.<br><br>CESAR SARAY,<br><br>    Respondent. | Case No. 1:20-cv-01465-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 8)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner, represented by counsel, is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On March 30, 2017, the Kings County District Attorney filed a juvenile wardship petition alleging that Petitioner, then a juvenile, committed: attempted forcible rape, in violation of California Penal Code sections 261(a)(2) and 664; false imprisonment, in violation of California Penal Code section 236; and sexual battery by restraint, in violation of California Penal Code section 243.4(a). (ECF No. 1 at 7;[1] ECF No. 8 at 2; 1 CT[2] 7–10).

Following a contested jurisdiction hearing, the juvenile court dismissed the sexual battery by restraint count and found the remaining allegations true beyond a reasonable doubt. (ECF No. 1 at 7; ECF No. 8 at 2; 1 CT 266, 285). On January 16, 2018, the juvenile court held a dispositional hearing at which the court declared Petitioner a ward of the court and placed Petitioner on supervised probation while in the custody of his parents with conditions that Petitioner perform 200 hours of juvenile work and pay restitution fines. (ECF No. 1 at 7; ECF

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] "CT" refers to the Clerk's Transcript on Appeal lodged by Respondent on March 25, 2021. (ECF No. 18).

No. 8 at 2; 2 CT 327–33).

Petitioner appealed, and on September 16, 2019, the California Court of Appeal, Fifth Appellate District affirmed the juvenile court's adjudication and orders. (LD[3] 1). On November 6, 2019, Petitioner filed an untimely petition for review and an application for relief from default in the California Supreme Court, which denied the application for relief from default on November 13, 2019. (LD 2).

Meanwhile, on May 15, 2019, the juvenile court held a review hearing. After the hearing, the court ordered that probation be terminated and directed probation to prepare an order. (LD 9). On May 16, 2019, a petition to terminate the wardship of Petitioner was filed, and the petition was granted on May 20, 2019. (LD 3).

On October 14, 2020, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On December 11, 2020, Respondent filed a motion to dismiss the petition for lack of jurisdiction and nonexhaustion. (ECF No. 8). Petitioner filed an opposition, and Respondent filed a reply. (ECF Nos. 16, 17).

## II.

## DISCUSSION

The federal habeas statute provides that a district court may entertain a habeas application by a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c)(3). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490–91 (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).

> Physical custody is not indispensable to confer jurisdiction. "History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus." *Jones v. Cunningham*, 371 U.S. 236, 240, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963). "[T]he boundary that limits the 'in custody' requirement is the line between a 'restraint on liberty' and a 'collateral consequence of a conviction.'" *Williamson*, 151 F.3d at 1183-84 (holding that a

---
[3] "LD" refers to the documents lodged by Respondent on December 11, 2020, March 25, 2021, and May 12, 2021. (ECF Nos. 9, 18, 19).

2

> habeas petitioner challenging Washington's sex-offender registration law did not meet the "in custody" requirement because the law did not impose a significant restraint on the petitioner's liberty).

Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010).

"The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." Hensley v. Municipal Court, 411 U.S. 345, 351 (1973). Thus, a person on parole or probation satisfies the custody requirement. Thornton v. Brown, 757 F.3d 834, 841 (9th Cir. 2013) ("A state parolee is 'in custody' for purposes of the federal habeas statute[.]"); Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005) ("[A] petitioner is 'in custody' for the purposes of habeas jurisdiction while he remains on probation.").

"Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the first question we must consider.'" Bailey, 599 F.3d at 978 (quoting Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998)). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009) (internal quotation marks and citation omitted).

Here, the petition states that "[u]nder California law, petitioner will be under the supervision of the juvenile court until his twenty-first birthday, and is thus in custody for purposes of federal habeas corpus." (ECF No. 1 at 8). In the motion to dismiss, Respondent asserts that prior to the commencement of the instant action, Respondent "lost all custody of Petitioner, as his wardship was terminated, and no other provision of law empowered Respondent to in any way restrain Petitioner's liberty." (ECF No. 8 at 3).

In support of the motion to dismiss, Respondent has lodged a copy of a minute order regarding termination of probation and a petition to terminate wardship and order filed in the Kings County Superior Court. (LDs 9, 3). The minute order reflects that on May 15, 2019, the juvenile court held a review hearing where the court ordered probation to be terminated and directed probation to prepare an order. (LD 9). The petition, dated May 16, 2019, lists "Heriberto Tamayo, DPO" as the petitioner. The following boxes of the petition were checked off: "The child has satisfactorily met the goals of rehabilitation"; "The child has reached the age of

majority"; "Continued wardship is not required for the rehabilitation or protection of the child"; and "Continued wardship is not required for the protection of the public." (LD 3). On May 20, 2019, a judicial officer signed the form order, which stated that "[w]ardship and delinquency court jurisdiction are terminated. All other orders of the juvenile court that are not in conflict remain in full force and effect." (LD 3).

Petitioner asserts that "Respondent has filed an inadequate record to support its claim that the juvenile court terminated all jurisdiction over petitioner." (ECF No. 16 at 3). Petitioner contends that "[t]his court would need to know what other orders of the juvenile court remained in effect following the May 20, 2019 order. This would require respondent to provide records of the juvenile court showing all orders made at sentencing and any orders made after sentencing that would not have been part of the record on appeal in the California state courts." (ECF No. 16 at 5). However, "[o]nce challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." Robinson, 586 F.3d at 685. Further, "[o]nce the moving party has converted the motion to dismiss [for lack of subject-matter jurisdiction] into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 n.2 (9th Cir. 2003) (citation omitted).

The Court finds that Petitioner has not established that he was "in custody" at the time he filed the instant petition for purposes of the federal habeas statute. Petitioner has not presented evidence of, or otherwise identified, any juvenile court order imposing restraints on Petitioner's liberty "not shared by the public generally" that "significantly confine and restrain his freedom" that remained in effect after the May 20, 2019 court order terminating wardship and delinquency court jurisdiction. Jones v. Cunningham, 371 U.S. 236, 240, 243 (1963).

Based on the foregoing, the undersigned finds that dismissal for lack of jurisdiction is warranted because Petitioner does not satisfy the federal habeas statute's "in custody"

requirement.[4]

### III.
### RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 8) be GRANTED and the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

Further, the Clerk of Court is DIRECTED to randomly ASSIGN this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 25, 2021**

UNITED STATES MAGISTRATE JUDGE

---

[4] In light of the determination that Petitioner fails to satisfy the "in custody" requirement, the undersigned will not address Respondent's other arguments in the motion to dismiss that Respondent should be dismissed and the petition should be dismissed as unexhausted.